UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LAUREN MCLEAN, in her official capacity as mayor of Boise, Idaho,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-00417-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Huguette Nicole Young's Application to Proceed In Forma Pauperis (Dkt. 1), Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Dkt. 3) and Motion to Narrow IFP Issues (Dkt. 6).[1] For the reasons stated below, the Court will deny the application to proceed in forma pauperis and both motions.

---

[1] Plaintiff has also filed a Motion for Speedy Hearing Under Rule 57 (Dkt. 7) and Defendant has filed a Motion to Dismiss for Failure to State a Claim (Dkt. 8). These motions will not be addressed here.

1.     **In Forma Pauperis**

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets she possesses and that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff refuses to provide her personal financial information to the Court. The only proof of her inability to pay the filing fee was provided to the Court in her Motion to Narrow IFP Issues (Dkt. 6) where she informed the Court that she is a recipient of an unspecified amount of public assistance payments from the Supplemental Nutrition Assistance Program (SNAP). However, neither the motion nor the attached Affidavit for Receiving SNAP Benefits (Dkt. 6 at 7–8) are

properly signed. Plaintiff is not a registered participant in the CM/ECF program, and thus is not authorized to electronically sign documents[2].

The Plaintiff has not provided sufficient information that would allow the Court to assess her ability to pay the filing fee. Without such information, the Court cannot find that paying the filing fee would cause plaintiff undue hardship. Accordingly, Plaintiff's in forma pauperis application is denied with leave to refile. Plaintiff will be given the opportunity to submit the necessary financial information to establish proof of undue hardship. If Plaintiff does not file a completed application to proceed in forma pauperis or pay the filing fee within 14 days of this order this case will be dismissed without further notice.

## 2. Motion to Allow Electronic Filing

Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. The District of Idaho uses the judiciary's Case Management and Electronic Case Files (CM/ECF) Program. Dist. Idaho Loc. Civ. Rule 5.1(a). Only registered participants may file documents electronically. A party to a pending

---

[2] Electronic signatures are permitted by Registered Participants. *See* Dist. Idaho Local Civ. Rule 5.1(j); Dist. Idaho Gen. Order 247, ¶¶ 2(F), 13. A registered participant is an "authorized person who has successfully completed the registration and training requirements" of the docketing and filing system used by this Court. Dist. Idaho Gen. Order 247, ¶ 2(H).

action who is not represented by an attorney must seek permission from the Court to register and use the electronic filing system. Dist. Idaho Gen. Order 247 ¶ 4.

Electronic filing requires parties to code their filings so that they are properly docketed electronically. When electronically filed documents are improperly filed, they are not easily reviewable by the Court through its case management reports. Currently, under District of Idaho General Order No. 362, pro se filers in the District of Idaho may email District Court filings to the clerk's office. This method of filing allows the Clerk's Office to assist with any procedural questions and ensure documents submitted by pro se filers are legible and properly filed. Accordingly, the Court will deny the motion to allow electronic filing.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is **DENIED** without prejudice.

2. Plaintiff has 14 days to refile an application to proceed in forma pauperis accompanied by the necessary financial information to establish proof of financial hardship or pay the filing fee. Plaintiff is advised that failure to either pay the filing fee or submit a completed in forma pauperis application within the allotted time may result in dismissal of this action.

3.  The Clerk of the Court is directed to mail a copy of the In Forma Pauperis Application to Plaintiff.

3.  Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Dkt. 3) is **DENIED**.

4.  Plaintiff's Motion to Narrow IFP Issues (Dkt. 6) is **DENIED**.

DATED: December 4, 2020

B. Lynn Winmill
U.S. District Court Judge