UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LAUREN MCLEAN, in her official capacity as mayor of Boise, Idaho,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-00417-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Defendant's Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") and Plaintiff's Motion for Speedy Hearing Under Rule 57. Dkts. 8,7. For the reasons explained below, the Court has determined that it lacks jurisdiction to hear Plaintiff's claims and the Complaint is subject to dismissal. Furthermore, Defendant's request for attorney fees is denied based on jurisdictional grounds.

## BACKGROUND

MEMORANDUM DECISION AND ORDER - 1

On August 21, 2020, *pro se* plaintiff Huguette Nicole Young ("Plaintiff") filed a Complaint seeking declaratory and injunctive relief. *Compl.*, Dkt. 2. With her complaint, Plaintiff filed an Application to Proceed in Forma Pauperis.[1] Dkt. 1. She subsequently filed a First Amended Complaint ("Amended Complaint") on October 21, 2020. *Amend. Compl.*, Dkt. 5.

Plaintiff challenges "Public Health Emergency Order 10-20 [sic]" ("Emergency Order 20-10" or "Order") issued by "the Mayor of Boise, Idaho, Lauren McClean." *Amend. Compl.*, Dkt. 5 at 2. Specifically, Plaintiff challenges the Order's requirement that persons "completely cover their nose and mouth" when in any indoor or outdoor public place where "members of the public are physically present." *Id*. Plaintiff alleges that the Order violates her First Amendments rights "by literally blocking plaintiff's ability to communicate audibly, clearly, and expressively (e.g., by violating plaintiff's right to smile at others) while wearing a face mask." *Id*. According to Plaintiff, her rights were violated while "shopping at Walmart stores in Boise in the past" and will continue to be violated "as long as plaintiff is forced to wear a face mask while shopping at Walmart stores in Boise." *Id*. at 10–11.[2]

---

[1] This Court has previously denied Plaintiff's Application to Proceed in Forma Pauperis and denied her Motions to Allow Electronic Filing by a Party Appearing Without an Attorney and Narrow IFP Issues. *See* Dkt. 11.

[2] Emergency Order 20-10 was issued on July 4, 2020. *Ex. A*, Dkt 8. On July 15, 2020, the Order was rescinded upon the passage of a superseding order, Public Health Emergency Order No. 20-11. *Ex. B*, Dkt. 8.Therefore, the Order Plaintiff challenges had been rescinded prior to the filing of her Complaint.

**MEMORANDUM DECISION AND ORDER - 2**

Plaintiff is a resident of Junction City, Oregon. *Amend. Compl.*, Dkt. 5 at 12. She had been a long-haul commercial truck driver for eight years "carrying loads into and out of all lower 48 states." *Id*. at 11. She is currently unemployed, but "is pursuing a career shift into the legal profession." *Id*. She alleges that she is "seeking support, employment, training and/or partnership opportunities…across the country, including Boise," and is "eager to relocate anywhere opportunity takes her as long as there is no mask mandate." *Id*. at 12. She asserts that "her current visit to Boise is likely the last until the face-mask mandate is struck down with no possibility of it coming back." *Id*. at 11.

The Court acknowledges that Plaintiff has filed several suits across the country alleging similar or identical facts. *See, e.g.*, *Young v. Marshall*, 2020 U.S. Dist. LEXIS 242705 (S.D. Ala. 2020); *Young v. Venable*, 2020 U.S. Dist. LEXIS 209228 (E.D. Tenn. 2020); *Young v. Frosh*, 2020 Dist. LEXIS 193396 (D. Md. 2020); *Young v. James*, 2020 U.S. Dist. LEXIS 198392 (S.D.N.Y. 2020); *Young v. Rutledge*, 2020 U.S. Dist. LEXIS 185678 (E.D. Ark. 2020); *Young v. Healey*, 2020 U.S. Dist. LEXIS 187876 (D. Mass. 2020); *Young v. Raoul*, 2020 U.S. Dist. LEXIS 234147 (S.D. Ill. 2020).

## ANALYSIS

---

As such, Defendant argues that Plaintiff's claim is moot. Given the Court's lack of subject-matter jurisdiction on other grounds, the Court need not address whether Emergency Order 10-20's repeal renders the Complaint moot.

**MEMORANDUM DECISION AND ORDER - 3**

1.  **Amended Complaint**

Defendant objects to Plaintiff's Amended Complaint as violative of Federal Rule of Civil Procedure 15. *Mtn to Dismiss*, Dkt. 5 at n. 1 ("Defendant does not waive its objections to the improper filing of the First Amended Complaint in contradiction to Rule 15 of the Federal Rules of Civil Procedure."). The Court has reviewed both Complaints and finds its conclusion the same. Accordingly, the Court's analysis will proceed under the Amended Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (rule favoring liberality in amendments to pleadings is particularly important in cases with *pro se* litigants).

2.  **Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3)**

Defendant claims Plaintiff's Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendant claims that Plaintiff lacks standing.[3]

Under Rule 12(b)(1), dismissal of a complaint is appropriate if the Court lacks subject-matter jurisdiction over the claims. A Rule 12(b)(1) motion may be asserted either as a facial challenge to the complaint or as a factual challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Regardless of whether the challenge is facial or factual, the plaintiff must establish that the

---

[3] Defendant also claims that the Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. Because the Court has determined that it lacks jurisdiction, it need not address this claim.

case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

The Court also has a duty to dismiss a complaint if it finds it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiff's Complaint must be dismissed because 1) she lacks standing to raise her claim and 2) her claim is not ripe for review.

### A. Standing

Article III of the United States Constitution limits a federal court's exercise of judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). As such, suits for declaratory or injunctive relief must present a live controversy justiciable under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007) (declaratory judgment); *L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (injunctive relief). An actual, justiciable controversy must exist not only when the suit is initiated, but must remain throughout the litigation. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Past injury, without more, cannot form the basis for either injunctive or declaratory relief. *O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974); *Lyons*, 461 U.S. at 103–04. Instead, there must be a continuing violation or imminent future violation. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 108–109 (1998).

**MEMORANDUM DECISION AND ORDER - 5**

Furthermore, the mere possibility of harm is not enough; allegations of future injury must be particular and concrete. *Id.* at 109.

As such, an essential element of the "case or controversy" requirement is that a plaintiff must have standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997). To satisfy Article III standing, a plaintiff must establish three elements: (1) an injury-in-fact, which is concrete and imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiff's Complaint does not allege an "injury-in-fact" sufficiently imminent to establish standing, even when liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations under *pro se* complaints held to less stringent standards than formal pleadings drafted by lawyers). Plaintiff makes general assertions that she is seeking work opportunities in Boise, but does not establish a nexus between potential work opportunities and future visits to Boise Walmart stores where she alleges she will be subjected to the Order's enforcement. Furthermore, despite Plaintiff's allegation that she is seeking employment in Boise, Plaintiff asserts that she is "eager to locate anywhere opportunity takes her as long as there is no mask mandate." *Amend. Compl.*, Dkt. 5 at 12. In fact, she expressly

**MEMORANDUM DECISION AND ORDER - 6**

attests that "her current visit to Boise is likely the last until the face-mask mandate is struck down with no possibility of it coming back." *Id*. at 11. At best, these contradicting statements render any alleged imminent harm merely speculative; at worst, her indication that her visit to Boise will be the last belies the notion that plaintiff intends to return to Boise at all, abrogating any imminent harm. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (allegation of future harm sufficient if injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur.'") (citations omitted). Plaintiff does not allege any specific employment prospects in Boise or the likelihood that she will obtain that employment. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013) (declining to endorse "standing theories that rest on speculation about the decisions of independent actors."). Indeed, "[t]his is a case in search of a controversy." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1137 (9th Cir. 2000).

### B. Ripeness

As a corollary to the standing requirement, a claim must be ripe for review. The "ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong." *Anchorage Equal Rights Com'n*, 220 F.3d at 1138. "[I]n measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing." *Id*. (citation

omitted); *see Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807(2003) ("[r]ipeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies.") (internal quotations omitted). Accordingly, the Court may only hear claims fit for resolution, which hinges on whether the matter involves uncertain events. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated or may not occur at all).

Although the customary ripeness analysis is relaxed in the First Amendment context, a plaintiff must still establish a well-founded fear that the law will be enforced against her. *Wolfson v. Brammer*, 616 F.3d 1045, 1062 (9th Cir. 2010). Plaintiff's complaint is insufficient to make such a showing even under less-stringent review. The Court reiterates that Plaintiff's return to Boise is speculative even under the most generous reading of her Complaint. Furthermore, Plaintiff is no longer employed as a truck driver, where she alleges she had frequently traveled through other states. *Amend. Compl.*, Dkt. 5 at 11. The speculative nature of her return to Boise is further magnified by her filing of similar or identical claims and allegations in several federal district courts across the country. Her contradicting statements that she is actively looking for work but also "turning down prospective partnerships or employment and training opportunities" do not constitute a

particularized injury to confer standing, and is too speculative to render her claim ripe for review. *Amend. Compl.*, Dkt. 5 at 11. As such, Plaintiff's claim is premature as she has not sufficiently alleged hardship if the court's consideration is withheld.

### 3. Attorney's Fees

Defendant requests an award of reasonable attorney's fees pursuant to Idaho Code 12-121, which states that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." Where a claim is dismissed for lack of subject-matter jurisdiction, the defendant is not considered to be a prevailing party. *See Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006) (declining to award attorney's fees based on the lack of subject-matter jurisdiction in the context of 42 U.S.C. § 1988). Therefore, the Court will not award attorney's fees pursuant to the Idaho statute, which restricts the award to prevailing parties.

If the Court had jurisdiction over Plaintiff's claim, it could only order attorney's fees if the action is frivolous, unreasonable, or without foundation. "[A]n unrepresented litigant should not be punished for [her] failure to recognize subtle factual or legal deficiencies in [her] claims." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). The Ninth Circuit held that this frivolity principle should be applied

"with attention to the [*pro se*] plaintiff's ability to recognize the merits of his or her claims." *Miller v. L.A. Cty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). The Court again acknowledges Plaintiff's geographically-widescale suits based on similar claims and notes that Plaintiff has now been advised of the relevant legal standards. Accordingly, Defendant's request for attorney fees is denied at this time.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 8) is **GRANTED** and the case is **DISMISSED** without prejudice.

2. Plaintiff's Motion for Speedy Hearing Under Rule 57 (Dkt. 7) is **DENIED** as **MOOT**.

3. Defendant's request for attorney's fees is **DENIED**.

DATED: February 1, 2021

B. Lynn Winmill
U.S. District Court Judge